**UNITED STATES DISTRICT COURT**  
**CENTRAL DISTRICT OF CALIFORNIA**

JS-6

**CIVIL MINUTES -- GENERAL**

| | |
|---|---|
| Case No. **ED CV 20-1051-JFW** | Date: November 20, 2020 |

Title: In Re Debtor Jeanette Aguilar  
Jeanette Aguilar -*v*- Howard Grobstein

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):** ORDER AFFIRMING BANKRUPTCY COURT'S APRIL 3, 2020 ORDER, AFTER HEARING, GRANTING APPLICATION OF CHAPTER 7 TRUSTEE FOR AUTHORIZATION TO EMPLOY GROBSTEIN TEEPLE LLP AS ACCOUNTANTS EFFECTIVE JANUARY 10, 2020

On May 18, 2020, Appellant Jeanette Aguilar ("Appellant") filed an appeal from the United States Bankruptcy Court's April 3, 2020 Order, After Hearing, Granting Application of Chapter 7 Trustee for Authorization to Employ Grobstein Teeple LLP as Accountants Effective January 10, 2020 ("April 3, 2020 Order"). On September 29, 2020, Appellant filed her Opening Brief. On September 29, 2020, Appellee Howard B. Grobstein, Chapter 7 Trustee for the Estate of Jeanette Aguilar ("Grobstein" or "Trustee") filed his Opening Brief.[1] On October 26, 2020, Appellant filed a Reply Brief. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument. The matter was, therefore, removed from the Court's November 23, 2020 hearing calendar and the parties were given advance notice. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.    Factual and Procedural Background**

   **A.    Filing of Chapter 7 Petition and Appointment of Chapter 7 Trustee**

---

   [1] Although Appellant's Opening Brief was not received by the Court until September 29, 2020, it was served on the Trustee on September 1, 2020.

On March 8, 2018, Appellant filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California. Shortly thereafter, Grobstein was appointed to act as the Chapter 7 trustee for Appellant's bankruptcy estate. Among the assets listed in Appellant's schedule of assets and liabilities (the "Schedule") was a single family residence located at 9069 Mandarin Lane, Riverside, California 92508 (the "Property"), with a listed fair market value of $350,000, and liens of $185,000. In addition, Appellant listed approximately $35,000 in general unsecured claims, and she claimed a homestead exemption in the amount of $175,000 under California Code of Civil Procedure § 704.730(a)(3)(B).[2]

Before listing the Property, the Trustee repeatedly reached out to Appellant to determine if she had a viable plan to pay creditors without requiring the sale of her Property. Unfortunately, these discussions failed, and the Trustee determined that he had no alternative but to market and sell the Property. Despite Appellant's refusal to cooperate with the Trustee's efforts to determine the physical condition and fair market value of the Property, the Trustee entered into a listing agreement with First Team Real Estate ("First Team") to market and sell the Property for $440,000, or nearly $100,000 more than Appellant's scheduled value.[3] Assuming First Team is successful in selling the Property for approximately $440,000, there will be sufficient funds to pay all existing secured and unsecured claims, as well as what the Trustee claims is a proper homestead exemption. Specifically, assuming a sales price of $440,000, after costs of sale of six percent ($26,400) and the senior lien ($185,000) are paid, there will be net sales proceeds of approximately $228,600, which would be sufficient to pay the administrative expenses of the estate, Appellant's proper homestead exemption, and all the secured and unsecured creditors.

On February 18, 2020, after realizing that the Property would be sold to pay her creditors, Appellant filed her Motion to Abandon the Property Known As 9069 Mandarin Lane, Riverside, CA 92508 to the Debtor Under F.R.B.P. 6007(b) & 11 U.S.C. 554(b), LBR 6007-1(b), LBR 9013-1(o) ("Motion to Abandon"). On March 18, 2020, the Bankruptcy Court entered its Order denying the Motion to Abandon.

### B. Application to Employ Grobstein Teeple

To assist in the administration of the estate, the Trustee filed the Application to Employ First Team and an Application of Chapter 7 Trustee for Authorization to Employ Grobstein Teeple LLP As Accountants Effective January 10, 2020 ("Application to Employ Accountants"). In the Application to Employ Accountants, the Trustee sought to employ Grobstein Teeple LLP ("Grobstein Teeple") to perform discrete routine accounting services. Appellant objected to the employment of Grobstein Teeple. The Trustee timely responded to Appellant's objection, and the

---

[2] Although not relevant to resolution of the issue on appeal, the Trustee disputes that Appellant is entitled to a homestead exemption in this amount, and the Trustee has advised the Bankruptcy Court that he intends to object to the exemption.

[3] The Trustee filed an Application for Authority to Employ First Team Real Estate Broker Re Real Property Located at 9069 Mandarin Lane, Riverside, California 92508 ("Application to Employ First Team"). Appellant objected to the employment of First Team, and that objection was overruled by the Bankruptcy Court.

Bankruptcy Court scheduled a hearing for March 19, 2020.  At the hearing, the Bankruptcy Court explained to Appellant that the applications to employ Grobstein Teeple and First Team (which was scheduled for hearing on the same day) were very limited in scope:

> [B]ased on my review of the applications [to employ First Team and Grobstein Teeple] and the opposition in the reply, I'm inclined to grant both [applications] for many reasons.  And I know, Ms. Aguilar, you're not an attorney so you've done the best you can.  A lot of the arguments you raise are just wrong.  You actually – unfortunately you're not an attorney and you don't understand bankruptcy law.  You are making arguments that are not coherent or relevant.  You do have an argument, but that should a Trustee administer a case like this when there's potentially some equity, or is this fair and equitable, we can get to that when the Trustee files a motion to sell your house.  That is the appropriate motion that you should oppose where that argument is relevant.  Both matters on calendar for today . . . are applications to employ professionals.  When I look at application to employ professionals, the only requirements are "have they met the requirements to be employed under 327?  Are they disinterested?  Are they qualified?"  And both . . . Grobstein Teeple and the brokerage firm, the First Team Brokerage Firm, meet all of the requirements.  That's all I look at.  Those are the only relevant issues in the context in the application to employ a professional.  Are they disinterested?  They seem to be disinterested.  I don't even think you challenge that they're not disinterested.  Two, are they qualified?  Once again, they seem qualified to me.  You don't really challenge their qualification.  So, that's it. And even the compensation, other than the real estate broker, I don't even deal with in the context of an employment app.  I will get to Grobstein Teeple's compensation when they file a fee application.  So, that's not even at issue.

The Bankruptcy Court also explained that the issue that Appellant was concerned about – whether or not her house would be sold – was not raised by or relevant to the applications to employ First Team and Grobstein Teeple, but would be decided at a later time:

> Your primary issue is, "Should a Trustee administer this case and sell your house?"  Today's not the day to have that final discussion.  If, and only if the real estate broker is successful in finding an offer for this house where it's enough to pay you and whatever secured creditors that are on the property, your homestead exemption, there's more money on top of that, will the Trustee even file a motion.  So, your primary argument opposing the applications are really not suitable for today.  We will get to it if and only if broker finds a buyer, Trustee thinks that buyer is going to pay enough to generate sufficient return for the bankruptcy estate after paying your homestead exemption, after paying off the secured creditor.  We're not even there yet.
>
> Your fear that you're going to lose your house may or may not happen.  I'm not going to make that determination today because I don't know what's going to happen.  I don't know what the future's going to hold.  So, my inclination is to approve both applications today because the real issue that you have about losing your home, it may or may not happen.  I will make that determination if that future becomes reality.

After Appellant asked the Bankruptcy Court "[w]hat I don't understand [is] after my personal discharge, who are we wanting to pay," the Bankruptcy Court carefully and patiently explained the nature of a discharge to Appellant:

> Your discharge that you receive[d] from this bankruptcy case only discharge[d] your personal obligation, personal obligation that arose prior to bankruptcy, period.  Any debts post-bankruptcy are not discharged.
>
> And two, if there's a lien on the house, the creditor can enforce the lien on the house.  You are not personally responsible for paying any liens on the house.  But, you -- the house is still the collateral of any secured creditor.  If the world is as you believe and you're just wrong, that anyone who files for Chapter 7 can discharge mortgages, real property taxes and get a house for free, I would have filed for bankruptcy.  I've practiced bankruptcy law for 19 years.  I've been a Bankruptcy Judge for six years.  If the world is as you believe, believe me, I would have been the first one to file for bankruptcy because I have a mortgage too.  I don't want to pay creditors either.  Ms. Aguilar, you have a fundamental misunderstanding about how a discharge works.  You're just wrong.

In addition, the Bankruptcy Court explained to Appellant that:

> You're unsecured creditors cannot go after you.  Unsecured creditors who you owed prior to bankruptcy.  Discharge is not a lifetime discharge.  Any debt that you incur post-bankruptcy you still owe.  Any secured creditors who have collateral can still enforce their rights against the collateral.  You're not personally responsible.  You don't have to write a check.  But, a creditor can go after your collateral.  If you have a car and there's a lien on it, they can go after the car it's after the discharge.  If you have a mortgage, a county real property and you didn't pay it or it's incurred post-petition, those are all enforceable against the collateral.  You are not personally responsible for pre-bankruptcy loans.  But, they can - still go after your collateral.  Any debt you incur post-bankruptcy, you still owe.  Discharge doesn't impact it at all.

After the hearing, the Bankruptcy Court overruled Appellant's objections and entered its April 3, 2020 Order, granting the Trustee's Application to Employ Accountants and authorizing the Trustee "to employ Grobstein Teeple LLP as the estate's accountants effective as of January 10, 2020, on the terms and conditions set forth in the Application [to Employ Accountants]."  On May 18, 2020, Appellant filed this appeal.  However, Appellant did not obtain, or even request, leave to file an interlocutory appeal.

## II.     Issues on Appeal

This appeal involves the following two issues[4]:

---

[4]  In her Opening Brief, Appellant erroneously claims this appeal involves the following issues: (1) "after discharge do unsecured creditors have 'Allowed Claims'"; (2) "[d]oes the [T]rustee have standing to pay discharged disallowed claims"; (3) "[d]o unsecured claims survive discharge

(1)  Should this appeal be dismissed because the April 3, 2020 Order is an interlocutory order and Appellant failed to obtain leave to file an appeal of an interlocutory order?

(2)  Assuming this Court has the jurisdiction to review the underlying April 3, 2020 Order, did the Bankruptcy Court correctly grant the Trustee's Application to Employ Accountants pursuant to 11 U.S.C. § 327(a)?

### III.   Legal Standard

The standard of review of bankruptcy court decisions by district courts is well-established, and uncontested by the parties.  When reviewing decisions of a bankruptcy court, district courts apply standards of review applicable to the courts of appeals when reviewing district court decisions.  *In re Baroff*, 105 F.3d 439, 441 (9th Cir.1997); *see also In re Fields*, 2010 WL 3341813, *2 (E.D. Cal. 2010) ("A district court's standard of review over a bankruptcy court's decision is identical to the standard used by circuit courts reviewing district court decisions.") (citation omitted).

On appeal, a district court may "affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings."  Federal Rules of Bankruptcy Procedure 8013.  A district court reviews a bankruptcy court's factual findings "'under the clearly erroneous standard and its conclusions of law de novo.'"  *Acequia, Inc. v. Clinton* (*In re Acequia, Inc.*), 787 F.2d 1352, 1357 (9th Cir. 1986) (*quoting Ragsdale v. Haller*, 780 F.2d 794, 795 (9th Cir. 1986)).  "Mixed questions of law and fact are reviewed de novo."  *Beaupied v. Chang* (*In re Chang*), 163 F.3d 1138, 1140 (9th Cir.1998).  "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed."  *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985) *(quoting United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see also Savage v.*

---

like a lien"; (4) "is the discharge judgment res judicata"; (5) "[h]as the property at 9069 Mandarin Ln Riverside Ca 92508 been abandoned to the debtor under *LBR 6007-1(d)(1)*"; (6) "[i]s there any law or code that requires the attorney of the Trustee to be served with documents as opposed to the Trustee"; (7) "[i]s there any law or code that requires that 'Only' the attorney of the Trustee must be served with documents to effectuate service under LBR 6007-1(c)(2) the parties to be served are those listed in FRBP 6007(a)"; (8) "[w]hen is a document deemed 'filed'"; (9) "[i]s a change of address only effective upon notice under LBR 2091-1(f)"; and (10) "[i]s the order to employ correct on any ground."  However, most of these issues were not before the Bankruptcy Court when it entered the April 3, 2020 Order and this Court will not review an issue raised for the first time on appeal.  *See, e.g., Travelers Prop. Cas. Co. v. ConocoPhillips Co.*, 546 F.3d 1142, 1146 (9th Cir. 2008) ("[W]e will not review an issue raised for the first time on appeal, unless necessary to prevent manifest injustice").  Appellant has filed several separate appeals related to other rulings in her bankruptcy case, including *In Re: Jeanette Aguilar*, Case No. 20-1050-DOC (appealing the Order employing First Team as brokers) and *In Re: Jeanette Aguilar*, Case No. 20-962-JGB (appealing the Order denying her Motion to Abandon).  Accordingly, this Court's decision will be limited to the Bankruptcy Court's ruling granting the Application to Employ Accountants as set forth in the April 3, 2020 Order.

*Greene* (*In re Greene*), 583 F.3d 614, 618 (9th Cir. 2009). "This standard plainly does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently." *Anderson*, 470 U.S. at 573. "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id*. at 574. Finally, the bankruptcy court's orders on employment and disqualification of professionals are reviewed for abuse of discretion. *In re Maximus Computers, Inc.*, 278 B.R. 189 (9th Cir. BAP 2002); *Film Ventures Int'l, Inc. v. Asher (In re Film Ventures Int'l, Inc.)*, 75 B.R. 250, 253 (9th Cir. BAP 1987). A bankruptcy court necessarily abuses its discretion if it bases its ruling upon an erroneous view of the law or a clearly erroneous assessment of the evidence or if the bankruptcy court commits a clear error of judgment in the conclusion it reached. *Beatty v. Traub (In re Beatty)*, 162 B.R. 853, 855 (9th Cir. BAP 1994).

IV.     **Discussion**

    A.     **This Appeal Must be Dismissed Because the April 3, 2020 Order is Interlocutory and Cannot Be Appealed Without Leave of the Court**

Pursuant to 28 U.S.C. § 158(a), district courts have jurisdiction to hear appeals not only of "final judgments, orders, and decrees," but also "with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." A district court may certify an order for interlocutory appellate review under 28 U.S.C. § 1292(b) if the following three factors are met: "(1) there is a controlling question of law, (2) there are substantial grounds for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *See In re Cement Antitrust Litig.*, 673 F.2d 1020, 1025-26 (9th Cir. 1982). "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n. 6 (9th Cir. 2002). Indeed, the legislative history of Section 1292 suggests that it ought to be used "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *Cement Antitrust Litig.*, 673 F.2d at 1026 (*citing U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966)); *Fukuda v. Cnty. of Los Angeles*, 630 F. Supp. 228, 229 (C.D. Cal. 1986) ("The party seeking certification has the burden of showing that exceptional circumstances justify a departure from the 'basic policy of postponing appellate review until after the entry of a final judgment'") (*citing Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475, 98 S. Ct. 2454, 57 L. Ed. 2d 351 (1978)).

In this case, the Court concludes that the April 3, 2020 Order is an interlocutory order. *See, e.g., In re Danner*, 549 F. App'x 702, 704 (9th Cir. 2013) ("It is well-settled that a bankruptcy court's decision to appoint counsel is not appealable"); *see also Westwood Shake & Shingle*, 971 F.2d at 389 (holding that orders "concerning the appointment of counsel" are interlocutory). Because Appellant failed to move for leave to appeal the April 3, 2020 Order, her appeal is dismissed. *In re Prewitt*, 2020 WL 5044199, *2 (C.D. Cal. June 24, 2020) (dismissing appeal of order granting employment of the bankruptcy trustee's professional because it was interlocutory and the appellants did not move for leave to appeal the interlocutory order).

In addition, even if Appellant had properly moved for leave to appeal the April 3, 2020 Order, she cannot satisfy the three factors necessary for certification of an order for interlocutory appellate review under Section 1292(b). With respect to the first factor, a question of law is

"controlling" if its resolution on appeal could "materially affect the outcome of the litigation." *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1981); *see, e.g, Helman v. Alcoa Global Fasteners, Inc.*, 637 F.3d 986, 990-992 (9th Cir. 2011) (holding that permission to appeal under Section 1292(b) should be granted where the issue of the definition of "high seas" in a federal statute was determinative of the viability of the complaint).  The Court concludes that the Bankruptcy Court's April 3, 2020 Order granting Trustee's Application to Employ Accountants does not present a "controlling" issue because a contrary resolution of the issue – denying the Trustee's Application to Employ Accountants – would not materially affect the outcome of Appellant's bankruptcy.  With respect to the second factor, substantial grounds for a difference of opinion on a legal question are generally found to exist where: (1) the relevant circuit court has not spoken on the point and other circuits are in dispute; (2) complicated questions of foreign law are involved; or (3) the issue presents novel and difficult questions of first impression. *See Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).  The Court concludes that the Bankruptcy Court's April 3, 2020 Order does not present a substantial grounds for a difference of opinion.  11 U.S.C. § 327(a) clearly provides the requirements for a trustee to employ a professional and, as the Bankruptcy Court noted during the March 19, 2020 hearing, Appellant does not dispute that Grobstein Teeple satisfies these requirements.  The third factor requires that the appeal of an interlocutory order must serve judicial economy by materially advancing the ultimate termination of the litigation.  *See In re Travers*, 202 B.R. 624, 626 (9th Cir. BAP 1996).  This factor is met when resolution of the controlling question of law "may appreciably shorten the time, effort, or expense of conducting a lawsuit."  *In re Cement Antitrust Litigation*, 673 F.2d at 1027.  The Court concludes that an immediate appeal of the Bankruptcy's Court April 3, 2020 Order would not materially advance the ultimate termination of Appellant's bankruptcy.

Accordingly, Appellant's appeal is dismissed because Appellant never sought leave to appeal an interlocutory order and if she had sought leave, it would have been denied.  *In re Prewitt*, 2020 WL 5044199, at *2.

**B.     The Bankruptcy Court Properly Granted the Trustee's Application to Employ Accountants Pursuant to 11 U.S.C. § 327(a).**

Even assuming Appellant could make the requisite showing to permit an interlocutory appeal of the April 3, 2020 Order, the Court concludes that  the Bankruptcy Court did not err in granting the Trustee's Application to Employ Accountants and that the Bankruptcy Court's April 3, 2020 Order should be affirmed.[5]   In order for a Trustee to employ a professional, Section 327(a) only requires that the proposed professional: (1) does not hold or represent an interest adverse to the estate; and (2) is a  disinterested persons pursuant to 11 U.S.C. § 101(14).  In support of his Application to Employ Accountants, the Trustee submitted a Statement of Disinterestedness for Employment of Professional Person ("Statement of Disinterestedness") from Joshua R. Teeple, a partner at Grobstein Teeple, declaring under penalty of perjury that there was no conflict between

---

[5]  Appellant made several arguments before the Bankruptcy Court (and in this appeal) relating to the denial of her Motion to Abandon and her discharge that are totally irrelevant to the issue of whether the Bankruptcy Court correctly granted the Trustee's Application to Employ Accountants.  The Court concludes that each of those arguments was addressed and properly rejected by the Bankruptcy Court during the March 19, 2020 hearing.

Grobstein Teeple and Appellant or the estate, that Grobstein Teeple did not hold or represent an interest adverse to the estate, and that Grobstein Teeple was a disinterested party.  Appellant failed to demonstrate – either in opposing the Trustee's Application to Employ Accountants or in this appeal -- that the Statement of Disinterestedness was false or inaccurate or that Grobstein Teeple did not satisfy the requirements of Section 327(a).  Indeed, as the Bankruptcy Court noted at the March 19, 2020 hearing, Appellant did not dispute that Grobstein Teeple satisfied these requirements.  Therefore, the Court concludes that the Bankruptcy Court correctly determined that Grobstein Teeple met each of the statutory requirements of Section 327(a) and that the Bankruptcy Court did not err in granting the Trustee's Application to Employ Accountants as set forth in its April 3, 2020 Order.

       Accordingly, the Court affirms the Bankruptcy Court's April 3, 2020 Order.

**V.**      **Conclusion**

       For all the foregoing reasons, the Bankruptcy Court's April 3, 2020 Order is **AFFIRMED**, and this appeal is dismissed with prejudice.

       IT IS SO ORDERED.